**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NATIONWIDE MUTUAL      )
INSURANCE COMPANY,     )
                                  )
       Plaintiff,        )
                                  )   CIVIL ACTION
                                  )   FILE NO. _____
v.                             )
                                  )
NICHOLAS DRAKE,       )
SHATARA CHURN,       )
THANH VU and TASTE OF  )
HEAVENLY FOODS, LLC.,   )
                                  )
       Defendants.    )

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** NATIONWIDE MUTUAL INSURANCE COMPANY ("Plaintiff"), Plaintiff in the above-styled action, and pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq*., hereby files this Complaint for Declaratory Judgment, showing this Court as follows:

## NATURE OF THE ACTION

1.

This action brought by Plaintiff for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq*., wherein Plaintiff is seeking a declaratory judgment regarding its rights and

obligations under its commercial general liability policy of insurance number ACP GLO 2366366956 (the "Policy") issued to Defendant Thanh Vu. A true and correct copy of the certified copy of the Policy is attached hereto as Exhibit A.

## PARTIES, JURISDICTION, & VENUE

2.

Plaintiff is a foreign insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio. Plaintiff is authorized to conduct business in the State of Georgia and has a registered agent in Gwinnett County, Georgia. Plaintiff is not a citizen of Georgia for diversity purposes.

3.

Defendant Taste of Heavenly Foods LLC ("THF") was a domestic limited liability company which was organized and existed under the laws of the State of Georgia. THF has been administratively dissolved by the Georgia Secretary of State; however, THF maintains a Registered Agent, Shatara Churn, who, upon information and belief, may be served with process at 1916 Pius Drive, Ellenwood, Georgia 30294. Upon information and belief, all members of THF are citizens of Georgia for diversity purposes, and no members are citizens of Ohio.

4.

Defendant Shatara Churn ("Churn") is a Georgia resident of DeKalb County who, upon information and belief, may be served at 1916 Pius Drive, Ellenwood, Georgia 30294. Defendant Churn is a citizen of Georgia and is subject to the jurisdiction and venue of this Court.

5.

Defendant Thanh Vu ("Vu") is a Georgia resident of Gwinnett County who, upon information and belief, may be served at 5676 Arrowind Road, Lilburn, Georgia 30047. Defendant Vu is a citizen of Georgia and is subject to the jurisdiction and venue of this Court.

6.

Upon information and belief, Defendant Nicholas Drake is a Georgia resident of Cobb County, who may be served at 6370 Susan Place SW, Mableton, Georgia 30126. Defendant Drake is a citizen of Georgia and is subject to the jurisdiction and venue of this Court.

7.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states and the value of the

matter in controversy, exclusive of interests and costs, exceeds the $75,000.00 jurisdictional amount.

8.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and Northern District of Georgia Local Rule 3.1(B)(1) because each Defendant is a resident of Georgia and at least one Defendant resides in the Atlanta Division of this District.

## **BACKGROUND**

9.

Plaintiff issued the Policy to Vu, which provides commercial general liability insurance coverage pursuant to its terms and conditions.

10.

Vu seeks insurance coverage under the Policy in connection with liability claims asserted by Defendant Nicholas Drake in a lawsuit styled, *Nicholas Drake v. Shatara Churn, Vu Thanh Hoang, and Taste of Heavenly Food, LLC*, filed in the State Court of Clayton County, State of Georgia, Civil Action File No. 2020 CV 02838-LH (the "Underlying Lawsuit"). A true and complete copy of the First Amended Complaint for Damages in the Underlying Lawsuit is attached hereto as Exhibit B.

11.

Upon information and belief, Vu Thanh Hoang is Vu.

12.

According to the Underlying Lawsuit, Defendant Drake was a patron of "The Chill Spot" located at 1945 Moreland Avenue, Atlanta, Georgia 30316 (the "Property") on or about May 30, 2020, when he was shot. *See* Exhibit B, ¶¶ 11, 12. Vu and Churn allegedly owned or operated a business located at the Property, and THF allegedly was a food service business operated at the Property. *Id*. at ¶¶ 7-9. Vu, Churn, and THF were allegedly aware of prior shooting incidents at the subject property, and allegedly failed to correct the security concerns associated therewith. *Id*. at ¶¶ 10, 12-15.

13.

In the Underlying Lawsuit, Defendant Drake alleges Vu, Churn, and THF failed to exercise ordinary care in keeping the premises and approaches safe at the subject property, failed to remedy the dangerous condition of violent crime that persisted over a period of time at the subject property, failed to keep the lighting in the parking lot in a state of repair so as to dissuade violent criminal activity from occurring at the subject premises, defectively constructed the subject premises by failing to have adequate lighting installed at the subject premises so as to dissuade

violent criminal activity from occurring at the subject premises, and failed to keep the common areas at the subject property safe. *See generally*, Exhibit B. As a result, Defendant Drake brought the Underlying Lawsuit against Vu, Churn, and THF based upon various theories of negligence. *See generally*, *id*. Based upon the allegations in the Underlying Lawsuit, Defendant Nicholas Drake is claiming at least $202,900.52 in medical expenses, as well as punitive damages and litigation expenses. *See generally*, *id*.

14.

Although Vu was aware of the incident on January 6, 2021 when he was served with the Underlying Lawsuit, Vu failed to report the incident to Plaintiff until August 2, 2021, nearly seven (7) months after the incident.

15.

Plaintiff properly reserved its right under the Policy and is providing a conditional defense to Vu in the Underlying Lawsuit. A true and complete copy of Plaintiff's reservation of rights letter is attached as Exhibit C.

**RELEVANT POLICY PROVISIONS**

16.

The Policy's policy period is from October 2, 2019 to October 2, 2020. *See* Exhibit A, Commercial General Liability Declarations.

17.

The Policy and Declarations of the Policy provide commercial general liability insurance coverage, subject to the Policy's terms and conditions, for certain business operations at the Property. *See generally*, Exhibit A.

18.

Vu is a named insured under the Policy. *See* Exhibit A, Commercial General Liability Declarations.

19.

The Policy has a liability limit of $1,000,000.00 per occurrence, and a general aggregate limit of $2,000,000.00. *See* Exhibit A, Commercial General Liability Declarations.

20.

**Section I – Coverages** of the Policy contains the following:

**A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
 **1. INSURING AGREEMENT**
  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage." We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

  b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Exhibit A, CG 00 01 04 13, p. 1 of 16.

21.

**Section II – Who Is An Insured** of the Policy contains the following:

**1. If you are designated in the Declarations as:**

  a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

Exhibit A, CG 00 01 04 13, p. 9 of 16.

22.

**Section IV – Commercial General Liability Conditions** of the Policy

contains the following:

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
  a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
     (1) How, when and where the "occurrence" or offense took place;
     (2) The names and addresses of any injured persons and witnesses; and
     (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
  b. If a claim is made or "suit" is brought against any insured, you must:
     (1) Immediately record the specifics of the claim or "suit" and the date received; and
     (2) Notify us as soon as practicable.

     You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:
     (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
     (2) Authorize us to obtain records and other information;
     (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
     (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Exhibit A, CG 00 01 04 13, p. 11 of 16.

23.

**Section V – Definitions** of the Policy contains the following:

18. "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  . . .

Exhibit A, CG 00 01 04 13, p. 16 of 16.

### CLAIM FOR RELIEF

24.

Plaintiff reiterates Paragraphs 1 through 23 of this Complaint for Declaratory Judgment as if fully set forth herein.

25.

In light of the facts and circumstances surrounding the Policy, the incident described in the Underlying Lawsuit, and the Underlying Lawsuit, Plaintiff is in a position of uncertainty as to its legal rights and obligations under the Policy.

26.

Under the language of the Policy as set forth above, no coverage is owed by Plaintiff for any liability resulting from any claim or action alleged in the

Underlying Lawsuit because Vu failed to comply with the notice requirements set forth in the Policy.

27.

When a question arises as to insurance coverage, the Georgia Court of Appeals set forth the following procedure that an insurance company must take:

> Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of rights, the insurer must thereupon, (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

*Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 219 (1976) (emphasis added). As such, an actual controversy of justiciable nature presently exists between the Plaintiff and Defendants which demands a declaration by this Court in order for Plaintiff to have its rights and duties under the Policy determined.

Accordingly, Plaintiff seeks a declaration from this Court that no duty to defend or indemnify is owed to Vu under the Policy for the Underlying Lawsuit, as outlined herein.

**WHEREFORE**, Plaintiff prays this Court enter a judgment declaring:

a) That process and summons be issued to Defendants and that service of Defendants be had as required by law;

b) For a declaratory judgment of the rights and obligations of the parties to the Policy;

c) For a declaration that there is no coverage provided under the Policy for the claims in the Underlying Lawsuit and that Plaintiff has no duty to defend any claims or actions, or pay any judgment, in the Underlying Lawsuit or arising out of the incident involving Defendants;

d) That Plaintiff be awarded its costs in this action; and,

e) That Plaintiff be awarded any other further relief that this Court deems just and proper.

This 6th day of August 2021.

**Swift, Currie, McGhee & Hiers, LLP**

By:     /s/ Lee Clayton
        Lee Clayton, Esq.
        Georgia State Bar No. 601004
        Justin E. Jorgensen, Esq.
        Georgia State Bar No. 204124
        *Attorneys for Plaintiff*

1355 Peachtree Street, N.E.,
Suite 300
Atlanta, Georgia 30309
404-874-8800 (phone)
404-888-6199 (facsimile)
lee.clayton@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rule 7.1D, that the foregoing ***Complaint for Declaratory Judgment*** has been prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

This 6th day of August 2021.

**Swift, Currie, McGhee & Hiers, LLP**

By:    /s/ Lee Clayton                      
Lee Clayton, Esq.
Georgia State Bar No. 601004
Justin E. Jorgensen, Esq.
Georgia State Bar No. 204124
*Attorneys for Plaintiff*

1355 Peachtree Street, N.E.,
Suite 300
Atlanta, Georgia 30309
404-874-8800 (phone)
404-888-6199 (facsimile)
lee.clayton@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

4818-5619-4037, v. 1

14